Doyle, J.
The action of the court's below, in sustaining the demurrer to the petition, was based upon the authority of the case of Lang v. Pike, 27 Ohio St. 498. The undertaking in this case differs from the one passed upon in that case only in the fact that there are tAVo sureties to the undertaking instead of one, and the facts of the two cases are otherwise identical.
We must, therefore, either affirm the judgments of the courts below, or disapprove the ruling in Lang v. Pike. We are compelled, af£er due consideration, to adopt the latter course.
That case was decided by a divided' court. The dissenting opinion of Johnson, J., expresses, in our judgment, the laAv of the case, and it will not be necessary now to go over the ground covered thereby. The statute governing the subject of appeal, and the undertaking therefor, is in this language; “ Sec. 6583. In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the court of common pleas of the county where the judgment was rendered.
“ Sec. 6584. The party aj>pealing shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety, to be approved by said justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and' costs, conditioned:
*248 “ 1. That the appellant will prosecute his appeal to effect and without unnecessary delay.
“ 2. That if judgment will be adjudged against him on such appeal, he will satisfy such judgment and costs.”
It cannot be doubted that where judgment is rendered against two or more defendants, upon a joint and several demand either one of the defendants may alone appeal upon giving an undertaking; or all the defendants may unite in appealing and perfect such appeal by a single undertaking. What the effect of the-appeal by one only would be, where the demand was several but a joint judgment was rendered, as to taking up the case as to both, it is not necessary to determine. This statute, therefore, which uses the singular number only, in speaking of the appellants, must be held to apply to all cases of appeals, whether the appellants, where the judgment is against more than one, unite, or act separately in perfecting their appeal.
A narrow construction of the statute, which would require each appellant to give a separate undertaking, would not be sanctioned. The intent of the legislature is very plain.
In construing the undertaking given “ pursuant to the statute” such intent is to be considered, if it is not in conflict with the plain terms of the undertaking. „
The judgment of the justice was against both defendants, upon a several demand, shown to be several by the judgment against one only in the court of common pleas. Defendants, instead of separately appealing from the judgment, united and this single undertaking was executed. The effect of it was to vacate the judgment against each, and the action thereupon was transferred to the court of common pleas for trial upon that cause of action, upon which a several judgment might be rendered.
In the light of the statute, and the state of the case, and considering the purpose of the undertaking as ascertained from the surrounding circumstances, its effect is precisely the same as if the sureties had executed a separate undertaking for each of the defendants. They undertake that the defendants will pay any judgment that may be rendered against them (or either of them) in an action in which, legally, a separate judg *249 ment may be rendered against one only, but by virtue of which undertaking the judgment is vacated as to both.
There cannot be the slightest doubt that such was the intention and understanding of the parties, and “to hold that the surety is discharged because the judgment is not against both, after he has arrested the right of the plaintiff to collect as to either, seems to me a narrow and technical construction of the statute, not required by its words nor the obvious intention of the legislature. Such construction tends to defeat rather than promote the administration of justice.” Johnson, J., in Lang v. Pike, supra.
That we have a right to look to the purposes of the statute, the state of the case in which the undertaking was given, the object for which it was authorized, and the surrounding circumstances, to ascertain the legal effect of defendants’ undertaking was expressly held by this court, in Insurance Company v. Hayes, 17 Ohio St. 432. See, also, Jewett v. Railway, 34 Ohio St. 607; Helt v. Whittier, 31 Ohio St. 475.

Judgments reversed.